**Gordon K. AARON and Fay H. Aaron, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,**

v.

**EMPRESAS LA MODERNA, S.A. DE C.V., a corporation organized under the laws of the United Mexican States; DNAP Holding Corporation, a Delaware corporation; DNA Plant Technology Corporation, a Delaware corporation; Evelyn Berezin; James L. Ferguson; Carlos Herrera; Bernardo Jimenez; Gerald Laubach; Douglas Luke; Robert Serenbetz, Defendants–Appellees.**

No. 00–16975.
D.C. No. CV–99–00048–WHA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2002.

Decided Sept. 13, 2002.

**454**

Before WALLACE, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM *

Appellants appeal the dismissal of their complaint for failure to state a claim under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Sections 11, 12 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77*l* and 77o. The district court held that the alleged omissions and misrepresentations were immaterial as a matter of law. We have jurisdiction under 28

U.S.C. § 1291 and affirm in part and reverse in part.

 A misrepresentation or omission is material if there is "a substantial likelihood that the disclosure of the omitted [or misrepresented] fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *TSC Indus., Inc. v. Northway, Inc.,* 426 U.S. 438, 449, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976). Because materiality is a mixed question of law and fact, the materiality of an omitted or misrepresented fact may be resolved as a matter of law only if the alleged omission or misrepresentation is "so obviously important [or unimportant] to an investor, that reasonable minds cannot differ on the question of materiality." *Id.* at 450 (quoting *Johns Hopkins Univ. v. Hutton,* 422 F.2d 1124, 1129 (4th Cir.1970)); *see also Feinman v. Dean Witter Reynolds, Inc.,* 84 F.3d 539, 540–41 (2d Cir.1996). In the present case, we cannot conclude that a reasonable preferred shareholder of DNAP, faced with a choice between losing his or her preferred status or filing suit to block the proposed merger so as to preserve that status, would not have viewed the alleged omissions and misrepresentations as significantly altering the "total mix" of information available. Therefore, the district court erred in concluding that Appellants failed to allege material omissions and misrepresentations.

 We affirm, however, the district court's dismissal with respect to claims brought under Sections 10(b) and 20 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), because Appellants' allegations relating to causation are insufficient as a matter of law. In a private federal securities fraud action, the plaintiff

has the burden of proving that the defendant's alleged wrongful act or omission caused the injury for which the plaintiff seeks to recover damages. *Ambassador Hotel Co. v. Wei–Chuan Inv.*, 189 F.3d 1017, 1027 (9th Cir.1999) (citing *Basic Inc. v. Levinson*, 485 U.S. 224, 243, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988)). Because Appellants were not permitted to vote on the proposed merger, they were required to allege that in the absence of material omissions and misstatements they would have succeeded in stopping the merger or recovering damages in excess of an appraisal remedy. *Kidwell v. Meikle*, 597 F.2d 1273, 1294 (9th Cir.1979). Appellants' allegations are insufficient as a matter of law because they allege only that they could have sought, not that they would have obtained, various state remedies to block the proposed merger. Accordingly, we affirm the district court's dismissal of Appellants' claim under Section 10(b). Because Appellants have not sufficiently alleged a primary violation, we also affirm the dismissal of Appellants' control person claim under Section 20.

■ Causation is not a necessary element of a prima facie case under Sections 11, 12 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77*l* and 77o. *See Casella v. Webb*, 883 F.2d 805, 808 n. 8 (9th Cir.1989) (holding that if the alleged misrepresentations are material, a plaintiff is entitled to recovery whether or not the misrepresentations caused the alleged damage); *Miller v. Pezzani (In re Worlds of Wonder Sec. Litig.)*, 35 F.3d 1407, 1421–22 (9th Cir.1994) (holding that loss causation is an affirmative defense under Section 11). Accordingly, because we conclude that Appellants have sufficiently al-

leged materiality, we reverse the district court's judgment as to Appellants' claims under Sections 11, 12, and 15. 15 U.S.C. §§ 77k, 77*l*, and 77o. The parties shall bear their own costs on appeal.

AFFIRMED in part; REVERSED in part and REMANDED.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.